# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES OREN ANDERSON,

 *Plaintiff*,

vs.

TED D'AMICO*, et al.*

 *Defendants*.

2:06-cv-00663-JCM-PAL

ORDER

This *pro se* prisoner civil rights action comes before the Court for initial review of the amended complaint (#10) under 28 U.S.C. § 1915A.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell*

*v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972)(per curiam).

In the main, plaintiff Charles Anderson seeks to bring a claim under 42 U.S.C. § 1983 against, in their individual and official capacities: (1) Dr. Ted D'Amico, as Medical Director for the Northern Nevada Correctional Center (NNCC); (2) France Abramo, as Head Nurse for the Southern Desert Correctional Center (SDCC); (3) Dr. Chuck Schardin, as Assistant Medical Director at NNCC; and (4) Agnes A. Horn, as an employee of Inmate Services with the Nevada Department of Corrections (NDOC). Plaintiff alleges that he was illegally charged $1,318.64 for medical prescriptions and that the charges have not been removed from his account. According to the complaint, when plaintiff filed a grievance to have the charges removed, he was told that the charges were too old to reverse. He alleges, however, that Inmate Services continues to currently collect $25.00 each month from his account for the charges and that a total of approximately $750.80 had been collected from his account.

Additionally, in the amended complaint, plaintiff seeks to bring a Section 1983 claim against Horn for denial of his right of access to the courts. Plaintiff alleges that Horn gave false information to this Court in the institutional financial certificate submitted with his application to proceed *in forma pauperis* because Horn allegedly failed to disclose that Inmate Services takes eighty percent of plaintiff's pay each month.

Plaintiff seeks the following relief: (1) removal of the $1,318.64 allegedly illegal prescription charges from his account; (2) refund of the over $750.80 taken from his account for the charges; (3) monetary damages consisting of the money allegedly wrongfully taken from his account as well as recovery for mental distress, pain and suffering; (4) payment of the filing fee; (5) payment for his legal copies; (6) payment for his legal postage; (7) return of unspecified financial charges amounting to approximately $50.00 over the past five years; and (8) payment of any and all taxes owed to the Internal Revenue Service.

A number of the claims for relief in the amended complaint are subject to dismissal on their face.

First, plaintiff can have no recovery for monetary relief from the defendants in their official capacity. State officials acting in their official capacity do not constitute "persons" subject to suit under Section 1983 for monetary relief. *See, e.g., Will v. Michigan*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Further, claims against state officials sued in their official capacity for retrospective monetary relief are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

Second, recovery of damages for mental distress, pain and suffering is barred by 42 U.S.C. § 1997e(e). This statute provides that "no federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Neither the illegal prescription charge claim nor the false financial certificate claim involves physical injury. The claim for mental distress and pain and suffering therefore is barred by Section 1997e(e).

Third, there is absolutely no basis for an order directing the defendants to pay any taxes owed by plaintiff to the Internal Revenue Service.[1]

Fourth, on the claim against defendant Horn for denial of access to the courts, it does not appear that the claim -- which would have arisen in the relatively brief period of time since the initiation of this action -- has been administratively exhausted. Plaintiff refers to a number of grievances in the amended complaint but they all predate the financial certificate. Further, in all events, the claim of denial of access to the courts is directly refuted by the record in this matter and is frivolous on its face. Plaintiff in fact was able to pay the $8.33 partial filing fee as reflected in the financial certificate; the case has not been dismissed for any failure to pay the filing fee; and plaintiff's access to this Court and ability to pursue this matter has not at all been impaired by any allegedly incorrect information in the financial certificate. Plaintiff further can sustain no prejudice with regard to the filing fee requirement because, even if he

---

[1] At this juncture, the Court construes the prayer for payment of the filing fee, legal copy charges and legal mailing expenses to be in the nature of a request that the defendants bear all costs.

had been unable to pay the initial partial filing fee, he nonetheless would be and is required under 28 U.S.C. § 1915(b) to pay the full $350.00 filing fee in installments drawn from his inmate account. Any allegedly incorrect information in the financial certificate therefore cannot be either a cause-in-fact or a proximate cause of any damage to plaintiff.

The amended complaint therefore will be dismissed in part to the extent that it presents the foregoing claims for relief but otherwise will be served.

IT THEREFORE IS ORDERED that the amended complaint (#10) is DISMISSED IN PART to the extent that the amended complaint seeks: (a) monetary relief under 42 U.S.C. § 1983 from the defendants in their official capacity; (b) recovery of damages for mental distress, pain and suffering; (c) payment of taxes owed by plaintiff to the Internal Revenue Service; and (d) recovery from defendant Agnes A. Horn for an alleged denial of access to the courts.

IT FURTHER IS ORDERED that the Clerk of Court shall send a copy of the amended complaint (#10) and this order to the Office of the Attorney General, c/o Carol Sweeney, 100 North Carson St., Carson City, NV 89701-4717. The Attorney General shall advise the Court within twenty (20) days from the date that this order is entered whether he can accept service of process for the named defendants. Counsel shall file an answer or otherwise respond to the complaint within forty-five (45) days from the date that this order is entered. If service cannot be accepted for a named defendant, then plaintiff must file a motion requesting the issuance of a summons and specifying a full name and address for said defendant. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date of entry of this order.

IT FURTHER IS ORDERED that henceforth, plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. The court may disregard any paper received by a district judge or magistrate judge which has not

1  been filed with the Clerk, and any paper received by a district judge, magistrate judge or the
2  Clerk which fails to include a certificate of service.
3         DATED this 11th day of January, 2007.

                                                  /s/ James C. Mahan
                                                  JAMES C. MAHAN
                                                  United States District Judge